UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
IN RE:                                                        :
                                                              :
GLENMORE PENNICOTT and MARCIA                                 :
PENNICOTT,                                                    :
                                                              :
                        Debtors.                         :
--------------------------------------------------------------:
MARCIA PENNICOTT,                                             :
                        Appellant,                       :
v.                                                            :
                                                              :
MARIANNE T. O'TOOLE, Chapter 7 Trustee,                       :
and INTERNAL REVENUE SERVICE,                                 :
                        Appellees.                       :
--------------------------------------------------------------x

Copy Mailed by Chambers 3-29-19 DH

**MEMORANDUM OPINION AND ORDER**

18 CV 5929 (VB)

Briccetti, J.:

      Debtor-appellant Marcia Pennicott, proceeding <u>pro se</u>, appeals from the United States Bankruptcy Court for the Southern District of New York's (Drain, J.) June 4, 2018, Order Approving Stipulation (the "June 4 Order").[1] <u>In re Glenmore Pennicott and Marcia Pennicott</u>, No. 16-22681 (Bankr. S.D.N.Y. June 4, 2018), Dkt. 176.[2] The June 4 Order approved a stipulation of settlement between the Chapter 7 Trustee and the United States on behalf of the Internal Revenue Service, over the objections of appellant-debtor Marcia Pennicott.

      For the reasons set forth below, the appeal is DISMISSED.

      The Court assumes the parties' familiarity with the facts and procedural history of this case.

---

[1]     The June 4 Order was entered on June 5, 2018.

[2]     On July 11, 2018, the Court dismissed the appeal as to appellant Glenmore Pennicott. (Doc. #13). In addition, on March 19, 2019, the Court deemed the appeal fully submitted. (Doc. #31).

1

District courts review a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009). The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases).

"Standing is a threshold question in every federal case that determines the power of the court to hear the suit." In re Assante, 2013 WL 787968, at *2 (S.D.N.Y. Mar. 4, 2013).[3] To determine whether a party has standing to appeal a Bankruptcy Court ruling, courts look to "whether an appellant is a 'person aggrieved' that is, 'a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court.'" In re Zarnel, 619 F.3d 156, 161 (2d Cir. 2010) (internal quotation and citation omitted). "The aggrieved person standard requires that an appellant show both injury in fact under Article III, and that the injury suffered is direct and financial." In re Old HB, Inc., 525 B.R. 218, 221–22 (S.D.N.Y. 2015) (internal quotation and citation omitted).

"'It is well-established that a Chapter 7 debtor is a party in interest and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid' that would revest in the debtor under 11 U.S.C. § 726(a)(6) when the bankruptcy concludes." In re Osborne, 2014 WL 2738558, at *3 (S.D.N.Y. June 17, 2014) (quoting In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000)), aff'd, 594 F. App'x 34 (2d Cir. 2015) (summary order). "Accordingly, to establish standing to object to disposition of the assets of the estate—including the settlement of a cause of action belonging to the estate—or to appeal from an order approving the same, the

---

[3] Because appellant is proceeding pro se, she will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

2

debtor bears the burden of showing a reasonable possibility that a surplus will exist at the conclusion of bankruptcy proceedings." Id. (internal quotation and citations omitted). "Chapter 7 debtors 'generally lack standing because bankruptcy proceedings absolve the debtor of any liability to creditors and the debtor has no interest in the distribution of the estate's property since the property has passed to the trustee.'" Id. (quoting In re Hope 7 Monroe St. Ltd. P'ship, 743 F.3d 867, 871 (D.C. Cir. 2014)).

Here, appellant has not pointed to any evidence in the record indicating there would be a surplus at the conclusion of bankruptcy proceedings, or that she otherwise has a pecuniary interest arising from the June 4 Order. Indeed, Judge Drain concluded the only party that had standing to object to the settlement was general unsecured creditor Navient Solutions, Inc. (May 31, 2018, Hearing Tr. at 8, In re Glenmore Pennicott and Marcia Pennicott, No. 16-22681 (Bankr. S.D.N.Y. June 12, 2018), Dkt. 181). Moreover, the June 4 Order affects only the distribution of estate funds among the creditors. (See Stipulation Resolving Motion of the United States of America for nunc pro tunc Annulment of the Automatic Stay at 3, In re Glenmore Pennicott and Marcia Pennicott, No. 16-22681 (Bankr. S.D.N.Y. June 4, 2018), Dkt. 176). It also indicates claims against the debtor's estate, totaling almost $800,000, far exceed the estate's funds totaling $251,207.81. (Id.). Appellant's remaining arguments, including that the Bankruptcy Court lacked subject matter jurisdiction to enter the June 4 Order, are plainly frivolous.

Accordingly, plaintiff lacks standing to appeal the Bankruptcy Court's June 4 Order, and the appeal must therefore be dismissed.

3

## CONCLUSION

The appeal is DISMISSED.

The Clerk is instructed to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 29, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge